1  ANDRÉ BIROTTE JR.
   United States Attorney
2  SANDRA R. BROWN
   Assistant United States Attorney
3  Chief, Tax Division
   PAUL H. ROCHMES
4  Assistant United States Attorney
   California Bar Number 077928
5      Federal Building, Suite 7211
       300 North Los Angeles Street
6      Los Angeles, California 90012
       Telephone: (213) 894-2413
7      Facsimile: (213) 894-0115
       E-mail: paul.rochmes@usdoj.gov
8
   Attorneys for United States of America
9

FILED
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
2014 JAN 27 PM 3:29
BY:_____

10      **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA**

12  UNITED STATES OF AMERICA,                  Case No. 14-0623 DMG - AGR

13              Petitioner,                    PETITION TO ENFORCE
                                               INTERNAL REVENUE SERVICE
14          vs.                                SUMMONS; MEMORANDUM OF
                                               POINTS AND AUTHORITIES;
15  MAURICE GREENE,                            DECLARATION IN SUPPORT
                                               THEREOF; EXHIBITS (SANITIZED
16              Respondent.                    FOR PERSONAL INFORMATION)

17

18

19

20

21                          **PETITION**

22      Petitioner states:

23      1.      This proceeding to judicially enforce an Internal Revenue Service

24  administrative summons is brought pursuant to §§ 7402(b) and 7604(a) of the

25  Internal Revenue Code, 26 U.S.C.  The IRS has properly served the respondent,

26  Maurice Greene ("Respondent") with a summons, and Respondent has failed to

27  produce the requested documents and to appear and give testimony.

28

                                      1

2.      Respondent resides or conducts business or both in the federal judicial district of the Central District of California.

3.      The Internal Revenue Service is, and at all relevant times was, conducting an investigation and examination with respect to the collection of a federal tax liability due and owing by Respondent for the period and year described on the summons.  A true and correct copy of the summons is attached as Exhibit 1 to the attached Declarations of Revenue Officer Lisa Davis ("R.O. Davis").

4.      In connection with this investigation, the summons was issued and served in accordance with law on Respondent in the manner described in the Certificate of Service by R.O. Daivs.  A true and correct copy of the Certificate of Service is attached as Exhibit 2 to the attached Declaration of R.O. Davis.

5.      Respondent has failed to give testimony and to produce the required books, records, papers, and other data in response to the summons, and such failure has continued to the date of this petition.

6.      The IRS is not in possession or control of the books, records, papers, and other data sought by the summons.

7.      All administrative steps required by the Internal Revenue Code in connection with the issuance and service of the summons have been taken.

8.      The testimony and the books, records, papers, and other data sought by the summons are necessary in order to properly pursue and complete the investigation.

9.      No recommendation for criminal prosecution of the taxpayer has been made by the IRS to the United States Department of Justice.  In addition, no Department of Justice referral, as described in 26 U.S.C. § 7602(d), is in effect with respect to the taxpayer.

//

//

1    WHEREFORE, Petitioner requests the Court to enforce the IRS
2  administrative summons as follows:
3       A.    Respondent be ordered to appear and show cause before this Court
4  why Respondent should not be compelled to give testimony and to produce the
5  books, records, papers, and other data as specified in the summons;
6       B.    That Respondent be ordered by this Court to appear before an
7  authorized representative of the IRS at a time and place to be determined by the
8  IRS and to give testimony and to produce the books, records, papers, and other
9  data as specified in the summons; and
10       C.    That the Court grant the Petitioner its costs in this proceeding and
11  such other and further relief as may be just and proper.

12                                   Respectfully submitted,

14                                   ANDRÉ BIROTTE JR.
15                                   United States Attorney
                                     SANDRA R. BROWN
16                                   Assistant United States Attorney
17                                   Chief, Tax Division

19  DATED: 1/23/14

20                                   PAUL H. ROCHMES
                                     Assistant United States Attorney
21                                   Attorneys for United States of America

                                        3

## MEMORANDUM OF POINTS AND AUTHORITIES

Section 7602(a) of the Internal Revenue Code, 26 U.S.C., grants the Internal Revenue Service the power to summon books, papers, records, or other data and to take the testimony of any person for the purpose of ascertaining the correctness of a tax return, to determine a taxpayer's tax liability, and to collect a taxpayer's tax liability as follows:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or *collecting any such liability*, the Secretary is authorized --
>
> (1)   To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
>
> (2)   To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
>
> (3)   To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry. (Emphasis added).

See also Crystal v. United States, 172 F.3d 1141, 1143-44 (9th Cir. 1999).

Internal Revenue Code Sections 7402(b) and 7604 grant authority to United States district courts to issue orders compelling, through their powers of contempt,

1  compliance with the IRS summonses.  See also United States v. Gilleran, 992 F.2d
2  232, 233 (9th Cir. 1993).  An Internal Revenue Service ("IRS") summons is issued
3  administratively, "but its enforcement is only by federal court authority in 'an
4  adversary proceeding' affording the opportunity for challenge and 'complete
5  protection to the witness.'"  United States v. Church of Scientology of California,
6  520 F.2d 818, 821 (9th Cir. 1975) (quoting Donaldson v. United States, 400 U.S.
7  517, 525, 91 S. Ct. 534, 539, 27 L. Ed. 2d 459 (1971)).

8        Because the enforcement of an IRS summons invokes the process of the
9  court, the court will not enforce a summons if it would constitute an abuse of
10 process.  United States v. Powell, 379 U.S. 48, 58, 85 S. Ct. 248, 255, 13 L. Ed. 2d
11 112 (1964).  Such an abuse would occur if the summons was issued for an
12 improper purpose, such as, for example, to harass the taxpayer.  Id., 379 U.S. at 58;
13 United States v. Stuart, 489 U.S. 353, 360, 109 S. Ct. 1183, 1188, 103 L. Ed. 2d
14 388 (1989).  Accordingly, to obtain enforcement of an IRS summons, the
15 government is required to make a prima facie case for enforcement of the
16 summons.  Crystal, 172 F.3d at 1143-44;  Gilleran, 992 F.2d at 233.

17       In order to establish a prima facie case for enforcement of an IRS summons,
18 the government need only make a "minimal" showing that (1) the investigation
19 will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant
20 to the purpose; (3) the information sought is not already within the IRS's
21 possession; and (4) that the administrative steps required by the Internal Revenue
22 Code have been followed.  Crystal, 172 F.3d at 1143-44, citing Powell, 379 U.S. at
23 57-58.  The government's "burden is minimal 'because the statute must be read
24 broadly in order to ensure that the enforcement powers of the IRS are not unduly
25 restricted.'"  Crystal, 172 F.3d at 1144 (quoting Liberty Financial Services v.
26 United States, 778 F.2d 1390, 1392 (9th Cir. 1985)).  Once the Government has
27 made its prima facie case, the summoned party bears the "heavy" burden to
28

5

1  "disprove the actual existence of a valid civil tax determination or collection
2  purpose by the Service[.]" Crystal, 172 F.3d at 1144.

3      Normally, the government makes the "good faith" showing of materiality
4  and relevancy required by Powell in the petition to enforce the summons and the
5  accompanying declaration of the issuing IRS agent. See Crystal, 172 F.3d at 1144
6  (quoting United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)).

7      As to the required showing of relevance, the Supreme Court stated in United
8  States v. Arthur Young & Co., 465 U.S. 805, 814, 104 S. Ct. 1495, 1501, 79 L. Ed.
9  2d 826 (1984):

10      As the language of § 7602 clearly indicates an IRS summons is not to
11      be judged by the relevance standards used in deciding whether to
12      admit evidence in federal court. Cf. Fed. Rule Evid. 401. The
13      language "may be" reflects Congress' express intention to allow the
14      IRS to obtain items of even potential relevance to an ongoing
15      investigation without reference to its admissibility. The purpose of
16      Congress is obvious: the Service can hardly be expected to know
17      whether such data will in fact be relevant until it is procured and
18      scrutinized. As a tool of discovery, the § 7602 summons is critical to
19      the investigation and enforcement functions of the IRS, see United
20      States v. Powell, 379 U.S. 48, 57 (1964); the Service therefore should
21      not be required to establish that the documents it seeks are actually
22      relevant in any technical, evidentiary sense.
23  (emphasis in original).

24      "Once the Government has established its prima facie case, the district court
25  issues an order requiring the party on whom the summons has been served to show
26  cause, at an enforcement hearing, why compliance with the summons should not
27  be required." United States v. Samuels, Kramer and Co., 712 F.2d 1342, 1345 (9th
28  Cir. 1983). The burden of proof is shifted to the person challenging the summons

1   to "refute the Government's Powell showing of good faith to oppose successfully

2   the enforcement of an IRS summons." Id. at 1346; see also Crystal, 172 F.3d at

3   1144. "The taxpayer may challenge and attempt to rebut the prima facie case of

4   good faith the government has established or attempt to show that enforcement of

5   the summons would otherwise constitute an abuse of process." Gilleran, 992 F.2d

6   at 233; see also Crystal, 172 F.2d at 1144. "The taxpayer, however, carries a

7   heavy burden of convincing the district court to deny enforcement." Stuckey, 646

8   F.2d at 1372; accord Crystal, 172 F.3d at 1144.

9        "'[S]ummons enforcement proceedings should be summary in nature and

10   discovery should be limited.'" Derr, 968 F.2d at 945, quoting Stuart, 489 U.S. at

11   369, quoting S. Rep. No. 97-494, 97th Cong. 2d Sess., vol. 1, 285 (1982); see also,

12   Church of Scientology, 520 F.2d at 821.[1] "'The taxpayer must allege specific facts

13   and evidence to support his allegations' of bad faith or improper purpose."

14   Crystal, 172 F.3d at 1144 (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th

15   Cir. 1997)) and Liberty Financial Services, 778 F.2d at 1392. A party opposing the

16   summons must be able to come forward with at least "a minimal amount of

17   evidence just to entitle him or her to an evidentiary hearing." Stuckey, 646 F.2d at

18

---

19   [1] The Fifth Circuit has discussed the procedure to be followed in summons

20   enforcement proceedings:

> 21   To ascertain whether there is any basis for questioning the summons,
> 22   the traditional show cause order is an effective and appropriate
>      procedural tool. Indeed, it harmonizes procedure with the substantive
> 23   principle that puts the burden on the summoned party "of showing an
> 24   abuse of the court's process." Powell, (note 17, supra). In no way
>      does its use extinguish the adversary proceeding which the decisions
> 25   call for. Rather it is a principal means by which the enforcing Court
> 26   can determine whether there is anything to "hear" and if so to give
>      proper scope and direction to an orderly, but expeditious, adjudication
> 27   of the points in controversy.

28   United States v. Newman, 441 F.2d 165, 169 (5th Cir. 1971).

1372.  In this Circuit, the Court may allow limited discovery "only if the taxpayer can make a substantial preliminary showing of abuse or wrongdoing."  <u>Stuckey</u>, 626 F.2d at 1374.

In <u>Donaldson</u>, 400 U.S. at 528-29, the Supreme Court noted that Rule 81(a)(3) of the of the Federal Rules of Civil Procedure allows the Court to limit the application of the federal rules in summons enforcement proceedings.  In keeping with the summary nature of the proceedings, the show cause order is an appropriate tool to place the burden of proof on the summoned party after the government's <u>prima facie</u> case has been made.

If no substantial challenge to the validity of the summons is made in a sworn affidavit or declaration alleging specific facts, the matter should be decided on the pleadings before the district court with no further proceedings, the summons should be enforced, and the IRS should be allowed to obtain the summoned testimony, books, papers, records, and other data.  <u>See, e.g,</u>. <u>Liberty Financial Services</u>, 778 F.2d at 1392-93 (IRS affidavit was not controverted).

"Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses."  <u>Derr</u>, 968 F.2d at 945; <u>accord</u> <u>Crystal</u>, 172 F.3d at 1144.  "[T]he sole purpose of the enforcement proceeding is to ensure that the IRS has issued the summons for proper purpose and in good faith, and ... the district court is strictly limited to enforcing or denying IRS summonses."  <u>Jose</u>, 131 F.3d at 1328-29.

### Conclusion

Accordingly, the filing of the petition to enforce IRS summons and the declarations of the issuing IRS agents establish the government's <u>prima facie</u> case for enforcement of the summons.  As attested to in the accompanying declaration of IRS Revenue Officer Davis, the agent who issued the summons, the IRS is conducting an investigation to determine the tax liabilities of the taxpayer, collect those liabilities, or both, for the tax periods identified in the summons; the

1   information sought by the summons may be relevant to that purpose; the IRS does
2   not already have possession of the information sought; and the administrative steps
3   required by the Internal Revenue Code for issuance and service of the summons
4   were followed.  (Davis Decl., ¶¶ 3-12 and Exh. "1"–"3").  Accordingly, the Court
5   should now issue an order directing Respondent to show cause why the summons
6   should not be enforced.

7   　　　If Respondent fails to respond to or rebut the government's prima facie case
8   for enforcement, then the Court should later issue an order enforcing the summons
9   and compelling Respondent to appear before an authorized representative of the
10  IRS at a time and place to be determined by the IRS, and give testimony and
11  produce the books, records, papers, and other data for examination and copying as
12  required by the summons.

13
14  　　　　　　　　　　　　　　　Respectfully submitted,

15  　　　　　　　　　　　　　　　ANDRÉ BIROTTE JR.
16  　　　　　　　　　　　　　　　United States Attorney
17  　　　　　　　　　　　　　　　SANDRA R. BROWN
　　　　　　　　　　　　　　　　Assistant United States Attorney
18  　　　　　　　　　　　　　　　Chief, Tax Division

19
20  DATED: January 23, 2014
21  　　　　　　　　　　　　　　　PAUL H. ROCHMES
22  　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　Attorneys for United States of America
23
24
25
26
27
28

DECLARATION OF LISA DAVIS IN SUPPORT OF PETITION

TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS

I, LISA DAVIS, declare and state as follows:

1.   I am employed as a Revenue Officer in the Collection Division, Small Business/Self-Employed, Area 7, Camarillo, California, of the Internal Revenue Service.

2.   My name as used and signed in the summons and this Declaration is a pseudonym.

3.   In my capacity as Revenue Officer, I was assigned to aid an investigation which would assist the Internal Revenue Service's efforts to collect the federal tax liabilities of Maurice Greene.

4.   The purpose of the investigation was to find assets and collect the tax liabilities of Maurice Greene for the following periods:  Income tax liabilities for the taxable years 2005 and 2010.  The Internal Revenue Service has not yet collected these liabilities.

5.   The testimony and the books, records, papers and other data sought by the summons for periods under investigation are necessary for the collection of the liabilities referred to in paragraph 4., above, and are not already in the possession or control of the Internal Revenue Service.

6.   No Justice Department referral, as described in Section 7602(c) of the Internal Revenue Code, 26 U.S.C., is in

-1-

effect with respect to respondent for the taxable periods under investigation.

7.   Pursuant to my investigation, on the date of issuance indicated on the summons, I issued an Internal Revenue Service summons to the respondent to give testimony and to produce records relating to the tax liabilities of the respondent.   The date for appearance was scheduled on August 5, 2013.

8.   I compared the original of the summons to the copy of the summons served on the respondent and verified that they were the same.   I then included an attestation clause on the summons to that effect on the copy served on the respondent and I signed the attestation clause of the copy of the summons.   A true and accurate copy of the summons is attached hereto as **Exhibit 1.**

9.   On July 18, 2013, in accordance with 26 U.S.C. § 7603, I served a copy of the summons on the respondent, at respondent's last and usual place of abode, by delivering a duplicate original copy of the summons, which contained the attestation required by 26 U.S.C. §7603, to a person over 16 years old at the last known address of the respondent. I gave a copy of the summons in a sealed envelope addressed to the summoned party, to Earnest Greene, the father of the respondent.   A true and accurate copy of the Certificate of Service is attached hereto as **Exhibit 2.**

-2-

10.   The respondent failed to appear in response to the summons or otherwise provide all records and give testimony as requested in the summons.

11.   On August 15, 2013, IRS Paralegal Lejsor Lederman sent the summoned party a "last chance" letter indicating that unless the summoned party provided the testimony, documents, records, and other information described in the summons by August 29, 2013, legal proceedings would be brought against the summoned party in the United States District Court for not complying with the summons.  The letter is attached hereto as **Exhibit 3**.  Respondent failed to appear on the scheduled date.  The respondent's failure to comply with the summons continues to the date of this Declaration.

12.   All administrative steps required by the Internal Revenue Code have been complied with in the issuance and service of the subject summons.

13.   I declare under penalty of perjury that the foregoing is true and correct.

DATED: *September 11, 2013*

LISA DAVIS, Revenue Officer
Internal Revenue Service

-3-



# Summons

In the matter of  __Maurice Greene,__ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Internal Revenue Service (Division): __Small Business / Self Employed__

Industry/Area (name or number): __Small Business / Self Employed - Area 27__

Periods:    __Calendar period ending December 31, 2010__

## The Commissioner of Internal Revenue

To:  __Maurice Greene__ ▓▓▓▓▓▓▓▓▓

At:  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

You are hereby summoned and required to appear before LISA  DAVIS, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

All documents in your possession and control reflecting the assets and liabilities of the above named taxpayer(s) including, but not limited to, the following: all bank statements, checkbooks, canceled checks, savings account passbooks, and records of certificates of deposit, for the period January 1, 2012  to present date, regarding accounts or assets held in the name of the taxpayer(s) or held for the benefit of the taxpayer(s); all records or documents regarding stocks and bonds, deeds or contracts regarding real property, current registration certificates for motor vehicles, and life or health insurance policies currently in force, any of which items are owned, wholly or partially, by the taxpayer(s), or in which the taxpayer(s) have a security interest, or held for the benefit of either or both of the taxpayer(s), so that a current Collection Information Statement may be prepared.  A blank copy of such Collection Information Statement is attached hereto to guide you in the production of the necessary documents and records.

### Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**

 751 DAILY DRIVE, CAMARILLO, CA 93010-6076 - (805)445-4497

**Place and time for appearance at**   __751 DAILY DRIVE, CAMARILLO, CA 93010-6076__

# IRS

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039(Rev. 10-2010)
Catalog Number 21405J

on the  __5th__  day of  __August__   __2013__  at  __09:00__  o'clock _A_ m.

Issued under authority of the Internal Revenue Code this __15th__ day of __July_____, __2013__

LISA  DAVIS  ___[signature]___            REVENUE OFFICER
        Signature of Issuing Officer                                    Title

_____            _____
Signature of Approving Officer (if applicable)                          Title

EXHIBIT 1

Original — to be kept by IRS



# Service of Summons, Notice and Recordkeeper Certificates

**(Pursuant to section 7603, Internal Revenue Code)**

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| 07/18/2013 | 1030AM |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☑ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _Earnest Greene - father_

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____

| Signature | Title |
|-----------|-------|
| Tin Daws | Revenue Officer |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____     Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any):

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summonsed.

☐ No notice is required.

| Signature | Title |
|-----------|-------|
|           |       |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|-----------|-------|
|           |       |

Form **2039** (Rev. 10-2010)

EXHIBIT 2



**OFFICE OF
CHIEF COUNSEL**

**DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
OFFICE OF DIVISION COUNSEL
SMALL BUSINESS/SELF-EMPLOYED
950 HAMPSHIRE ROAD
EAST PAVILION
THOUSAND OAKS, CALIFORNIA 91361
(805) 371-6700
FAX: (805) 373-9866**

AUG 1 5 2013

CC:SB:8:THO:LLederman
GL-134887-13

<u>Via Regular Mail</u>

Maurice Greene
▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬

Dear Mr. Greene:

Small Business/Self-Employed- California Area 27 Collections of the Internal Revenue Service has notified our office that you did not comply with the provisions of the summons served on you on July 18, 2013.   Under the terms of the summons, you were required to appear before Revenue Officer Lisa Davis on August 5, 2013, and provide testimony, books, documents, records and information to her, as set forth in the Summons

The Summons was issued under the authority of Internal Revenue Code § 7602 and judicial enforcement action is provided for under § 7604.  Copies of the summons and a copy of §§ 7602 and 7604 are enclosed for your consideration.

Legal proceedings may be brought against you in the United States District Court for not complying with this summons.  To avoid such proceedings, you are to appear before Revenue Officer Lisa Davis at the following date, time & place:

        Name:    Lisa Davis, R.O.
        Date:    Thursday, August 29, 2013
        Time:    10:00 A.M.
    Address:    Collection Division-IRS
                751 Daily Drive
                Camarillo, CA 93010-6076

Any books, records or other documents called for in the summons should be produced at that time.

EXHIBIT 3

GL-134887-13                              2

  If you have any questions, please contact Revenue Officer Lisa Davis, at (805) 445-4497.

Sincerely,

LINETTE B. ANGELASTRO
Associate Area Counsel
(Small Business/Self-Employed: Area 8)

By: _____
Lejsor Lederman
Paralegal Specialist (Thousand Oaks)
(Small Business/Self-Employed)
ID NO 1000860912


Cc: Revenue Officer David Lewis
    Camarillo Collection Division-IRS

Enclosures:
    Copy of Summons (Collection Information Statement)
    Copy of §§ 7602 and 7604

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Dolly M. Gee _____ and the assigned Magistrate Judge is _____ Alicia G. Rosenberg _____ .

The case number on all documents filed with the Court should read as follows:

### 14-CV-00623 DMG-AGRx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

January 27, 2014
Date

By   SBOURGEOIS
Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| UNITED STATES OF AMERICA | MAURICE GREENE |

| (b) County of Residence of First Listed Plaintiff   LOS ANGELES | County of Residence of First Listed Defendant   LOS ANGELES |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |

| (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.  U.S. ATTORNEY'S OFFICE, ATTN: PAUL H. ROCHMES  300 N. LOS ANGELES STREET, ROOM 7211  LOS ANGELES, CA 90012  TEL.: (213) 894-2413, FAX: (213) 894-0115 | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

26 U.S.C. §§ 7402(b) AND 7604(a) - IRS Summons Enforcement

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☒ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | | | |
|---|---|---|---|---|

CV 14-0623

| CV-71 (11/13) | CIVIL COVER SHEET | Page 1 of 3 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [ ] Yes  [X] No | [ ] Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? | A DEFENDANT? | |
| [X] Yes  [ ] No | Then check the box below for the county in which the majority of DEFENDANTS reside. | Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | [X] Los Angeles | [ ] Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of claims arose: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| [ ] 2 or more answers in Column C | [ ] 2 or more answers in Column D |
| [ ] only 1 answer in Column C and no answers in Column D | [ ] only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D,  below. | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D,  below. |
| If none applies, answer question C2 to the right.  ➡ | If none applies, go to the box below.  ⬇ |

| Your case will initially be assigned to the WESTERN DIVISION. Enter "Western" in response to Question D below. |
|---|

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | WESTERN |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   _Paul Roehmer_       DATE: 1/24/2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |